IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVYNE VEGA and | § | |
| KERRI VEGA | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-cv-00100 |
| | § | JURY |
| | § | |
| U. S. BANCORP | § | |
|    Defendant. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### A. PARTIES

1. Plaintiff, Kevyne Vega, is an individual and a citizen of the State of Texas.

2. Plaintiff, Kerri Vega, is an individual and a citizen of the State of Texas.

3. Defendant, U.S. Bank NA, is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Minnesota. Defendant, by agreement of the parties, may be served with process by serving a copy of this complaint to defendant's attorney in charge, Marc D. Cabrera, LOCKE LORD LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201-6776.

### B. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## C. Venue

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. Conditions Precedent

6. All conditions precedent have been performed or have occurred.

## E. Facts

7. Plaintiffs are the owners of a mortgage loan, account number 9902749117, issued by the Defendant (hereinafter referred to as the "mortgage").

8. Plaintiffs own the mortgaged property that is specifically located at 221 Caroline Trail, Anahuac, Texas 77514 (hereinafter referred to as the "Property").

9. Defendant or its agents mortgaged the property for Plaintiffs.

10. On or about September 17, 2015, Plaintiffs' property sustained fire damage. Plaintiffs filed a claim under a homeowner insurance policy that provided coverage for the property. Because defendant possessed a mortgage interest in the property, the insurance policy listed defendant as an additional insured under the policy. Plaintiffs property insurer subsequently issued payment jointly to plaintiffs and defendant in the amount of $81,743.64, check number #2384365. Plaintiffs intended to use these funds to pay the mortgage on the damaged property during the repair process, pay additional living expenses associated with the claim incurred during the repair process, repair the property, pay any other expenses associated with the insurance claim, and then use the property as the primary residence for their family. However, before plaintiffs could use the funds for these purposes, and because the insurance draft also listed defendant as an additional payee, plaintiffs required defendant's endorsement of the

insurance draft before plaintiffs could deposit the check in their checking account. Therefore, plaintiffs endorsed the check sent the check to defendant for endorsement. Plaintiffs never received the endorsed check back from defendant.

11. After the plaintiffs' property was damaged by fire, it of course became necessary for plaintiffs to live elsewhere. Plaintiffs' secured another place to live and were required to pay for the cost to live at the new residence. Plaintiffs also continued to pay the mortgage on the property at issue in this lawsuit. After some time, it became financially infeasible for plaintiffs to indefinitely pay both the mortgage and the costs associated with living at the residence in which the plaintiffs resided after the fire. Naturally, plaintiffs fell behind on the mortgage payments. Plaintiffs then asked the mortgage company to apply as much of the insurance funds to the mortgage payment as necessary to keep the mortgage current while repairs were made on the property. Defendant refused this request. Despite the fact that defendant possessed $81,743.64 of the plaintiffs' money paid to plaintiffs by the property insurer, defendant instituted foreclosure proceedings on the property. On or about April 4, 2017, defendant foreclosed on the property and thus divested plaintiffs of any interested plaintiffs once held in the property.

### F. COUNT 1 – BREACH OF CONTRACT

12. Plaintiff, Kevin Vega, and defendant executed a valid, enforceable mortgage contract.

13. Plaintiff, Kevin Vega, is a proper party to sue for breach of the contract.

14. Plaintiff performed, tendered performance of, or was excused from performing their contractual obligations.

15. The defendant breached the contract by foreclosing on the property and depriving plaintiff of his rights to the property. The defendant also breached the contract by retaining

plaintiff's money and thereby making it impossible for plaintiff to satisfy his payment obligations under the mortgage contract.

16. Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages:

    a.    actual damages.

17. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

18. <u>Attorney Fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract.  Plaintiffs retained counsel, who presented Plaintiff's claim to Defendant.  Defendant did not tender the amount owed within 30 days of when the claim was presented.

### G.  COUNT 2 – WRONGFUL FORECLOSURE

19. In addition to other counts, Defendant wrongfully foreclosed on plaintiffs' property.

20. Plaintiffs allege that a defect existed in the foreclosure sale proceeding, which resulted in the plaintiffs incurring a substantial injury.  In addition, a causal connection exists between the foreclosure proceeding defect and the plaintiffs' injury.

21. Plaintiffs fully performed Plaintiffs' contractual obligations.

22. Defendant foreclosed on the property when plaintiffs were not delinquent on their mortgage payments and when defendant had no right to foreclose under the deed of trust.

23. Defendant's wrongful foreclosure caused injury to Plaintiffs, which resulted in the following damages:

    a.    actual damages;

    b.    loss of use damages; and

  c. damage to credit reputation.

24. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

25. <u>Attorney Fees.</u>  Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented Plaintiffs' claim to Defendant.  Defendant did not tender the amount owed within 30 days of when the claim was presented.

### H. COUNT 3 – DECEPTIVE TRADE PRACTICES

26. Plaintiffs are consumers under the DTPA because plaintiffs are individuals who sought to acquire goods and/or services by purchase.

27. Defendant violated the DTPA when defendant:

  a. engaged in false, misleading, or deceptive acts or practices that plaintiffs relied upon to plaintiffs' detriment.  Specifically, defendant represented that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COMMERCE CODE §17.46(b)(12).

  b. engaged in an unconscionable act or course of action that, to plaintiffs' detriment, took advantage of plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.  Specifically, defendant foreclosed on plaintiffs' property under the guise of default, despite the fact that the defendant was in possession of $81,743.64 in funds that belonged to plaintiffs, and which funds defendant refused to relinquish to plaintiffs or apply to the loan to bring the loan current.

    c.    engaged in false, misleading, or deceptive acts or practices that, to plaintiffs' detriment, violated a "tie-in" consumer statute. Specifically, defendant violated the Texas Debt Collection Act (TDCA) by:

    (1)    Representing or threatening to represent to another person that a consumer is willingly refusing to pay a non-disputed consumer debt if the debt is disputed and the consumer has notified the debt collector of the dispute in writing. TEX. FIN. CODE §392.301(a)(3).

    (2)    Threatening to take an action prohibited by law. *Id*. §392.301(a)(8).

    (3)    Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding. *Id*. §392.304(a)(7).

28.    Defendant's wrongful conduct was a producing cause of plaintiffs' injury, which resulted in the following damages:

    a.    Actual damages;

    b.    Mental-anguish damages. Defendant acted knowingly, which entitles plaintiffs to recover mental-anguish damages under Texas Business & Commerce Code section 17.50(b)(1).

    c.    Additional damages. Defendant acted knowingly, which entitles plaintiffs to recover treble economic damages under Texas Business & Commerce Code section 17.50(b)(1).

    d.    Attorney fees. Plaintiffs are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

### I. COUNT 4 - UNFAIR DEBT COLLECTION

29. Defendant is a debt collector.

30. Defendant violated the Texas Debt Collection Act when defendant:

   a. Represented or threatened to represent to another person that a consumer is willingly refusing to pay a non-disputed consumer debt if the debt is disputed and the consumer has notified the debt collector of the dispute in writing. TEX. FIN. CODE §392.301(a)(3).

   b. Threatened to take an action prohibited by law. *Id*. §392.301(a)(8).

   c. Misrepresented the character, extent, or amount of a consumer debt, or misrepresented the consumer debt's status in a judicial or governmental proceeding. *Id*. §392.304(a)(7).

31. Defendant's wrongful conduct was committed against plaintiffs.

32. Defendant's wrongful conduct caused injury to plaintiffs, which resulted in the following damages:

   a. Actual damages.

   b. Statutory damages. Plaintiffs incurred additional damages of at least $100 for each violation of Texas Finance Code §392.101, 392.202, or 392.301(a)(3).

   c. Exemplary damages.

   d. Prejudgment and postjudgment interest.

   e. Court costs.

   f. Attorney fees.

### J. COUNT 5 - THEFT OF PROPERTY

33. Plaintiffs bring this action under the Texas Theft Liability Act for unlawful appropriation of property under Texas Penal Code section 31.03.

34. Plaintiffs were entitled to possession of the $81,743.64 insurance proceeds plaintiffs received after filing their insurance claim.

35. Defendant unlawfully appropriated plaintiffs' personal property in violation of Texas Penal Code §31.01(4)(B).

36. Defendant's unlawful appropriation was made with the intent to deprive plaintiffs of the property. Defendant always intended to keep the insurance funds as part of a scheme to foreclose on the property, repair the property and sell the property for profit.

37. Defendant's wrongful conduct caused injury to plaintiffs, which resulted in the following damages:

   a. Actual damages.

   b. Statutory damages.

   c. Exemplary damages.

   d. Prejudgment and postjudgment interest.

   e. Court costs.

   f. Attorney fees.

### K. COUNT 6 – CONVERSION

38. Plaintiffs owned the $81,743.64 issued by plaintiffs' property insurer in compensation for plaintiffs' claim.

39. Defendant, who legally acquired possession of plaintiffs' personal property, wrongfully exercised dominion and control over the property by using it in a way that departed from the conditions under which it was received.

40. Defendant refused to return the property on plaintiffs' demand.

41. Defendant's wrongful acts proximately caused injury to plaintiffs, which resulted in the following damages:

    a. Actual damages.

    b. Loss of value.

    c. Exemplary damages.

    d. Prejudgment and postjudgment interest.

### L. CONDITIONS PRECEDENT

42. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

### M. PLAINTIFFS' DEMAND FOR JURY TRIAL

43. Plaintiffs, Kevyne Vega and Kerri Vega, assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### N. PRAYER

44. For these reasons, Plaintiffs ask that Plaintiffs be awarded a judgment against defendants for the following:

    a. Actual damages.

    b. Statutory damages.

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Attorney fees.

f. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

SCOTT LAW OFFICES
2019 Wichita Street
Houston, Texas 77004
Telephone: (713) 941-9309
Facsimile: (844) 270-0740


____/s/Danny Ray Scott_____
Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiffs*


**CERTIFICATE OF SERVICE**

I certify that on June 20, 2018, a copy of *Plaintiffs' First Amended Complaint* was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for defendant, U.S. Bank, NA:

Marc D. Cabrera
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Houston, Texas 75201-6776
mcabrera@lockelord.com


/s/Danny Ray Scott
_____
Danny Ray Scott